### 7047

## CHARLESTON LIGHT & POWER CO. v. LLOYD LAUNDRY & SHIRT MFG. CO.

WATERWORKS.—THE ORDINANCE of the City of Charleston as to water
rates construed to mean the water company may put a meter in the
service pipe of a consumer and charge such *meter* rates as the ordi-
nance provides, *not* that the meter rates should not exceed the
*maximum flat rates.*

Before GAGE, J., Charleston, February, 1908.    Affirmed.

Action by Charleston Light and Power Company against
Lloyd Laundry and Shirt Manufacturing Company.    From
judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* for
appellant.    No citations.

*Messrs. Miller, Whaley & Bissell,* contra.    No citations.

November 16, 1908.    The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.    This is a controversy, without
action, instituted in the Circuit Court for Charleston county.

The plaintiff is a corporation under "An act to incor-
porate the Charleston Light and Water Company," ap-
proved February 19, 1898 (22 Stat., 934), and furnishes
water to the city and citizens of Charleston under the terms
and conditions of a franchise granted under an ordinance

of the city council of Charleston. The defendant is a cor-
poration, conducting the business of a laundry in the city
of Charleston, and on May 17, 1906, entered into contract
with plaintiff to be furnished with water for laundry pur-
poses, and, as a condition precedent, agreed "to pay at such
rates and use the same in accordance with such rules and
regulations as may be established by said company." Prior
to January 1, 1907, plaintiff inserted a meter into the service
pipe of defendant in order to measure the quantity of water
consumed. During the months of January, February,
March and April, 1907, plaintiff furnished such a quantity
of water to defendant as at the meter rates amounted to
$63.74, for the four months, which sum, on the presenta-
tion of the bill, defendant refused to pay, on the ground that
the maximum rate for which it is liable under the franchise
ordinance is $100 per annum. The controversy involves
the proper construction of that portion of section 10 of the
ordinance, as follows: "At no time during the said period
shall the Charleston Light and Water Company charge con-
sumers any rate or rates exceeding the following, which
may be made payable quarterly in advance; but the Charles-
ton Light and Water Company may at any time insert a
meter into the service pipe of any consumer and supply him
at meter rates, provided the meter rates shall not exceed the
rates fixed in the following schedule, or any consumer shall
have the right to set in an accurate meter and pay the rent
indicated by said meter, provided the amount shown by the
meter shall exceed twelve dollars per annum. The maxi-
mum rates per annum, above referred to, shall be as follows:

"For a faucet in kitchen, for domestic purposes only, for
a house of four rooms or less, $8; for each additional
room, $1.

"Banks, with one basin, $10.

"Bakery, each oven, $10 to $30.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

"Laundry, $24 to $100.

"Meter rates, per 1,000 gallons: 1,000 gallons or less per day, 25 cents; 1,000 to 3,000 per day, 20 cents; 3,000 to 5,000 gallons per day, 15 cents; 5,000 to 10,000 gallons per day, 12 1-2 cents; 10,000 to 20,000 gallons per day, 10 cents; 20,000 to 30,000 gallons per day, 7 1-2 cents; over 30,000 gallons per day, not exceeding 7 1-2 cents per 1,000 gallons, special rates."

Judge Gage gave judgment for $63.74 in favor of plaintiff, on the basis of the above meter rates, construing the words in the ordinance, "provided the meter rates shall not exceed the rates fixed in the following schedule," as having reference to the meter rates and not to the flat rates in the schedule. Appellant contends that the proper construction is as if the language had been "provided the meter rates shall not exceed the flat rates as fixed in the following schedule," and that the maximum flat rate was $100 per annum.

We think the Circuit Judge correctly construed the ordinance, and rendered the proper judgment.

The first clause, "At no time during the said period shall the Charleston Light and Water Company charge consumers any rate or rates exceeding the following, which may be made payable quarterly, in advance," clearly refers to the flat rates, as only such rates could be made payable quarterly, in advance, the amount due under meter rates being determinable at stated reasonable periods after the water is supplied. Had the schedule of flat and meter rates immediately followed this clause, and nothing further had been said about meter rates, then appellant's contention would have been correct. But, as if to avoid such construction, the ordinance goes on to provide: "But the Charleston Light and Water Company may at any time insert a meter into the service pipe of any customer and supply him at meter rates, provided the meter rates shall not exceed the rates fixed in the following schedule." The first clause having provided for maximum flat rates, this second clause was

intended to provide for maximum meter rates. The true meaning is indicated by construing "the rates" to mean "such rates" or "the meter rates," the kind of rates being provided for in that clause. This meaning is further brought out in the subsequent provision: "or any consumer shall have the right to set in an accurate meter, *and pay the rent indicated by said meter,* provided the amount shown by the meter shall exceed twelve dollars per annum." The duty to pay the rent indicated by the meter, provided it exceeds twelve dollars, is inconsistent with the idea that the meter rate shall never exceed the flat rate.

This construction promotes justice, as thereby the water company may protect itself against the improper or wasteful use of its water supply, and proportion its compensation to the service rendered.

The judgment of the Circuit Court is affirmed.